UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MICHELLE FRACASSO, and
JONATHAN SPITZER

                              Plaintiffs,

                              ___-CV-___

THE CITY OF NEW YORK,
P.O. EDELMAN,
Tax No. 939814, individually and in his official capacity,

                              Defendants.
----------------------------------------------------------------X

      Plaintiffs MICHELLE FRACASSO ("Fracasso") and JONATHAN SPITZER ("Spitzer", together, "Plaintiffs"), by their attorney, CRAIG STUART LANZA of Balestriere PLLC, complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

      1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs are also asserting supplemental state law tort claims.

### JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York, under U.S.C. §1391(b), in that this is the District in which the claims arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiffs are citizens of the United States, and at all relevant times residents of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. At all times hereinafter mentioned, the individually named Defendant, P.O. Edelman was a duly sworn police officer of said department and

was acting under the supervision of said department and according to his official duties.

10. At all times hereinafter mentioned Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of Defendants alleged herein were done by said Defendants while acting within the scope of their employment by Defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the individually named Defendant alleged herein were done by said defendants while acting in furtherance of his employment by Defendant THE CITY OF NEW YORK.

## FACTS

13. On March 4, 2006, at approximately 1:15am, Fracasso was walking her dog with her fiancé, Spitzer, who was also walking his dog, in Central Park near the 84th Street Entrance, in the County, City, and State of New York. Fracasso and Spitzer were to be married in Central Park in the afternoon of that very day.

14. At or about 1:15am, P.O. Edelman ("Edelman"), approached Spitzer, aggressively demanding that Spitzer show Edelman an I.D. card. When Spitzer indicated that he did not have an I.D., having just taken his dog for a

walk across the street from his home, Edelman immediately began to shout at Spitzer.

15. Fracasso, several feet away from Spitzer and Edelman, alarmed by Edelman's demeanor, turned around to exit the Park with her dog.

16. At this point, Edelman barked something into his radio, then left Spitzer and ran to Fracasso. Edelman, a tall, well-built, armed police officer, grabbed Fracasso, a slender, nearly 40 year old woman, by the neck and placed a can of mace next to Fracasso's eye, all while shouting expletives and threats at Fracasso.

17. Edelman then placed Fracasso under arrest on the grounds that Fracasso was in the Park after hours (the Park apparently closed 15 minutes prior).

18. Edelman handcuffed Fracasso's arms in a manner designed to induce severe pain.

19. Within minutes, dozens of police officers in several marked police vehicles arrived – all for the detention of two, unarmed, middle aged individuals who lived barely a block away. Fracasso was handcuffed and held in police custody for several hours until a conscientious New York Police Department Sergeant arrived on the scene and released Fracasso, saying, in substance, that not all police should be judged by "one bad apple."

20. The case against Fracasso for walking in the Park after hours was dismissed.

21. Fracasso suffered pain and bruising to the back of Fracasso's neck and severe bruising and cuts to her wrists, requiring her to seek medical attention after the incident.

22. Fracasso's wrist injuries were such that Fracasso was required to wear wrist bands at her wedding – which took place only a few hundred meters from the above described harassment and illegal detention, which itself took place less than half a day before the wedding.

23. Plaintiffs' wedding was marred by Fracasso's physical pain and emotional anxiety. Plaintiffs have been emotionally affected by being victims of an egregious misuse of authority.

24. Plaintiffs lost faith in New York State and City and, because of the stress and injury they suffered because of these acts, decided a few months after the incident to move to the State of Connecticut.

25. Just a few months after the above described incident, while Fracasso was experiencing the great stress of defending herself in a criminal action – eventually dismissed upon motion of the District Attorney – Fracasso had a miscarriage.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

28. All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as a police officer, with all actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32. The acts complained of deprived Fracasso of her rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from unwarranted and malicious criminal prosecution;

  D. Not to have excessive force imposed upon her;

  E. Not to have summary punishment imposed upon her; and

  F. To receive equal protection under the law.

## PENDANT STATE CLAIMS

33. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. On or about May 23, 2006 and within (90) days after the claim herein accrued, Plaintiffs duly served upon, presented to and filed with Defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

35. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

36. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

37. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

38. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1"through "38" with the same force and effect as if fully set forth herein.

40. Defendant police officer's aforementioned actions placed Fracasso in apprehension of imminent harmful and offensive bodily contact.

41. As a result of Defendant police officer's conduct, Fracasso has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendant police officer touched Fracasso in a harmful and offensive manner.

44. Defendant police officer did so without privilege or consent from Fracasso.

45. As a result of Defendant police officer's conduct, Fracasso suffered severe bodily injuries, including but not limited to, swelling and bruises on the wrist.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

46. Plaintiffs repeats, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendant police officer arrested Fracasso in the absence of probable cause and without a warrant.

48. As a result of the aforesaid conduct by Defendants, Fracasso was subjected to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

49. The aforesaid actions by Defendants constituted a deprivation of the Plaintiffs' rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

50. Plaintiffs repeats, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. As a result of the foregoing, Fracasso was falsely imprisoned, her liberty was restricted for an extended period of time, was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints.

9

52. Fracasso was conscious of said confinement and did not consent to same.

53. The confinement of Fracasso was without probable cause and was not otherwise privileged.

54. As a result of the aforementioned conduct, Fracasso has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

55. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. On May 2, 2006, Defendants commenced a criminal proceeding against Fracasso.

57. Defendants lacked probable cause to commence said criminal proceeding against Fracasso.

58. Defendants were motivated by actual malice in commencing said criminal proceeding against Fracasso.

59. On June 28, 2006, the criminal prosecution against Fracasso was dismissed upon motion of the assistant district attorney handling the matter.

60. As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

63. The aforementioned conduct was committed by Defendant police officer while acting within the scope of his employment by Defendant THE CITY OF NEW YORK.

64. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant THE CITY OF NEW YORK.

65. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to Plaintiffs.

66. As a result of the aforementioned conduct, Plaintiffs suffered severe emotional distress, mental injury, embarrassment, humiliation, shock, fright, and, in the case of Fracasso, physical injury and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

67. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of said its Police Department, including the defendants individually named above.

69. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

70. Due to the negligence of the Defendants as set forth above, Plaintiffs suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

71. By reason of the aforesaid conduct by defendants, Plaintiffs request the following relief:

    A. Compensatory damages in the amount of one million dollars ($1,000,000);

    B. Punitive damages in the amount of two million dollars ($2,000,000);

    C. An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

    D. Any further relief as the Court may find just and proper.

**WHEREFORE**, Plaintiff demands judgment in the sum of one million dollars ($1,000,000) in compensatory damages, two million dollars ($2,000,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:     New York, New York
           June 1, 2007

                                        **BALESTRIERE PLLC**


                                    By: _____
                                        Craig Stuart Lanza (CL-2452)
                                        225 Broadway
                                        Suite 2700
                                        New York, NY 10007
                                        Telephone 212-374-5404