UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

MICHELLE FRACASSO and JONATHAN SPITZER,

                                          Plaintiffs,

                  -against-

THE CITY OF NEW YORK, P.O. EDELMAN, Tax No.
939814, individually and in his official capacity,

                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

07 CV 4649 (AKH)

**JURY TRIAL DEMANDED**

        Defendant, City of New York ("the City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its answer to the Complaint, dated June 1, 2007 ("Complaint"), respectfully states, upon information and belief, as follows[1]:

        1.  Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs have commenced an action as stated therein.

        2.  Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

        3.  Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

        4.  Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiffs purport to base venue in this district as stated therein.

        5.  States that the allegations set forth in paragraph "5" of the Complaint

---

[1] Upon information and belief, the individually-named defendant, identified as P.O. Edelman, has not been served.

purport to demand a trial by jury which does not require a response.

   6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

   7. Admits the allegations set forth in paragraph "7" of the Complaint.

   8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City is a municipal corporation incorporated under the laws of the State of New York, and respectfully refers the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

   9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that on March 4, 2006, Mathew Edelman Winstead (referred to as P.O. Edelman) was employed by the City as a police officer.

   10. Denies the allegations set forth in paragraph "10" of the complaint, except states that the allegations regarding defendants "acting under the color of law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State or City of New York" are legal conclusions which do not require a response.

   11. Denies the allegations set forth in paragraph "11" of the Complaint, except states that the allegations regarding defendants "acting within the scope of their employment" are legal conclusions which do not require a response.

   12. Denies the allegations set forth in paragraph "12" of the Complaint, except states that the allegations regarding the individually-named defendant "acting in furtherance of his employment" is a legal conclusion which does not require a response.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admits that on March 4, 2006 after 1:00 A.M. plaintiffs were in Central Park.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Spitzer's actions.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Fracasso's distance from Spitzer and Edelman Winstead and her state of mind, and admits that Fracasso began to exit from Central Park.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that Edelman Winstead made a radio call.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits that Fracasso was placed under arrest on the grounds that she was in Central Park when it was closed to the public.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that other police officers responded to the scene, that Fracasso was handcuffed, and that Fracasso was detained at the scene until she was released after being given two summonses.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the

allegations concerning Fracasso seeking medical attention.

22.  Denies the allegations set forth in paragraph "22" of the Complaint, except denies knowledge or information sufficient to form a belief as  to the truth of the allegations concerning plaintiffs' wedding.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' state of mind.

24. Denies the allegations set forth in paragraph "24" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' state of mind and their move to Connecticut.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. In response to the allegations set forth in paragraph "26" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "25" of this answer as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" and each of its subparts of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1"

through "32" of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the Complaint, except admits that on or about June 2, 2006 a document purporting to be a notice of claim on behalf of Michelle Fracasso was received by the City's Comptroller's Office.

35. Denies the allegations set forth in paragraph "35" of the Complaint, except admits that more than thirty days have passed since the document purporting to be Michelle Fracasso's notice of claim was received and plaintiffs' claims have not been paid or adjusted.

36. Denies the allegations set forth in paragraph "36" of the Complaint, except admits that this action was filed on June 1, 2007.

37. Denies the allegations set forth in paragraph "37" of the Complaint, except refers all questions of law to the Honorable Court.

38. Denies the allegations set forth in paragraph "38" of the Complaint, except refers all questions of law to the Honorable Court.

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "38" of this answer as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. In response to the allegations set forth in paragraph "42" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "41" of this answer as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. In response to the allegations set forth in paragraph "46" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "45" of this answer as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the Complaint, except admits that Fracasso was not arrested under a warrant.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. In response to the allegations set forth in paragraph "50" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "49" of this answer as if fully set forth herein.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "54" of this answer as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. In response to the allegations set forth in paragraph "61" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "60" of this answer as if fully set forth herein.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. Denies the allegations set forth in paragraph "63" of the Complaint.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. In response to the allegations set forth in paragraph "67" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "66" of this answer as if fully set forth herein.

68. Denies the allegations set forth in paragraph "68" of the Complaint, except admits that the City is a municipal corporation incorporated under the laws of the State of New York, and respectfully refers the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department and its employees.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

71. Denies the allegations set forth in paragraph "71" and it subparts of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

72. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

73. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

74. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

75. Plaintiffs provoked or were at fault for the incident.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

76. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

77. There was reasonable suspicion and/or probable cause to arrest and detain plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

78. Punitive damages cannot be assessed as against the City of New York.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

79. At all times relevant to the acts alleged in the Complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

80. To the extent plaintiffs assert state law claims against the City, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

81. On information and belief, Spitzer's state law claims are barred by his failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

82. On information and belief, Spitzer's state law claims are barred by the applicable statutes of limitations.

WHEREFORE, defendant City of New York demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:    New York, New York
          September 12, 2007

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendant*
CITY OF NEW YORK
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-9391
bmyrvold@law.nyc.gov

     /s/

By: _____

    Barry Myrvold

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on September 12, 2007, 2007, the foregoing document was filed and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

<u>By ECF:</u>
Craig Lanza
Balestriere, PLLC
*Attorneys for Plaintiffs*
225 Broadway, Suite 2700
New York, New York 10007
(212) 374-5404


DATED:    New York, New York
           September 12, 2007


                       _____
                           Barry Myrvold

Index No. 07 CV 4649 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE FRACASSO and JONATHON SPITZER,

Plaintiffs,

-against-

THE CITY OF NEW YORK, et. al.,

Defendants.

**ANSWER TO COMPLAINT**

***MICHAEL A. CARDOZO***

*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Barry K. Myrvold*

*Tel:  (212) 788-9391*

*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.   ........................... , 2007…...*

*...............................................................Esq.*

*Attorney for ....................................................*