THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Barry K. Myrvold
*Assistant Corporation Counsel*
phone: (212) 788-9391
fax: (212) 788-9776
bmyrvold@law.nyc.gov

December 12, 2007

**By Hand**
Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007



*[Handwritten annotation: If plaintiffs fail to produce the requested information and documents by noon, 12/21/07, the case will be dismissed for failure to prosecute. 12/13/07 /s/ AKH]*

*[Stamps: DEC 13 2007 ALVIN...; USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 12/14/07]*

Re: Michelle Fracasso et al, v. The City of New York, et al., 07-CV-4649 (AKH)

Your Honor:

I am an attorney in the office of Michael A Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York and former Police Officer Matthew Edelman-Winstead in this civil rights action alleging police misconduct. A discovery dispute has arisen in this matter, and, as such, defendants are submitting this letter describing the dispute for Your Honor's attention. Despite my request, plaintiffs' counsel has not provided their portion of this joint letter application.

Defendants' Position:

Defendants are seeking an order compelling plaintiffs to provide the following discovery by a date certain: (i) plaintiffs' initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1); (ii) releases/authorizations under Criminal Procedure Law § 160.50 in a form acceptable to the City permitting the City to obtain the police, criminal court and district attorney records relating to the underlying incident; (iii) medical authorizations in a form acceptable to the City permitting the City to obtain (a) all medical records relating to care or treatment of Fracasso's back, (b) all medical records relating to care or treatment received by Fracasso for injuries she alleges that she sustained (including medical records relating to a pre-existing condition allegedly aggravated) in the alleged incident, and (c) all medical records relating to plaintiff's obstetrical/gynecological care treatment received by plaintiff for the past five years, and medical records relating to the alleged trauma-induced miscarriage, and (iv) responses to defendants' interrogatories and document requests.

Alvin K. Hellerstein, U.S.D.J.
Fracasso et al. v. NYC, et al.,
December 12, 2007
Page 2

As indicated above, this is a civil rights action alleging police misconduct. Briefly stated, plaintiffs allege that on March 4, 2006, at about 1:15 A.M. at about 90th Street and the West Drive in Central Park, they were accosted by defendant Edelman-Winstead, falsely arrested and maliciously prosecuted. Plaintiff Fracasso was issued a summons for being in Central Park after hours which was apparently adjourned in contemplation of dismissal, and for disorderly conduct which was apparently dismissed. The records relating to these arrests are sealed. In addition, plaintiff Fracasso alleges that she suffered serious personal injuries in the incident, including the aggravation of a pre-existing back condition (Amended Complaint, ¶ 35), bruises and lacerations (Amended Complaint, ¶¶ 31, 35-36), and a trauma-induced miscarriage several months after the alleged incident (Amended Complaint, ¶ 38).

Under Fed. R. Civ. P. 26(A)(1), the parties must make their initial disclosures at or within 14 days after the 26(f) conference. Here, the parties held their 26(f) conference shortly before the October 12, 2007 initial conference before Your Honor, and, as such, plaintiffs' initial disclosures are now overdue.

To date, despite repeated requests[1], plaintiffs have not provided defendants with C.P.L § 160.50 releases (one for each summons). Under C.P.L. § 160.50, all records in the hands of the police department, criminal court and district attorney relating to the underlying summonses are sealed. These records are obviously relevant to the claims in this matter, and, further, the provision of such a release is not discovery because plaintiffs have already implicitly waived any right to privacy provided by C.P.L. § 160.50 by filing this action challenging the underlying arrest and prosecution. See, Green v. Montgomery, 43 F. Supp. 2d 239, 244 (E.D.N.Y. 1999) (discussing implied waiver of confidentiality). Thus, the courts have routinely required plaintiffs to provide such releases in these circumstances. Perez v. City of New York, 2003 U.S. Dist. LEXIS 7063 (S.D.N.Y. April 10, 2003) (complaint dismissed when plaintiff failed to provide C.P.L § 160.50 release necessary to answer complaint).

Likewise, despite repeated requests[2], plaintiffs have not provided defendants with medical authorizations. Here, plaintiff Fracasso has clearly placed her physical condition in issue insofar as she alleges that she suffered serious personal injuries in the incident, including the aggravation of a pre-existing back condition (Amended Complaint, ¶ 35), bruises and lacerations (Amended Complaint, ¶¶ 31, 35-36), and a trauma-induced miscarriage several

---

[1] Defendants made written requests for C.P.L. § 160.50 releases/authorizations on July 11, 2007, August 9, 2007, and on October 15, 2007, and other, verbal requests at the initial conference and during telephone conferences afterwards.

[2] Defendants made written requests for medical releases/authorizations on July 11, 2007, August 9, 2007, and on October 15, 2007, and other, verbal requests at the initial conference and during telephone conferences afterwards.

Alvin K. Hellerstein, U.S.D.J.
Fracasso et al. v. NYC, et al.,
December 12, 2007
Page 3

months after the alleged incident (Amended Complaint, ¶ 38). As such, defendants are entitled to authorizations permitting them to obtain Fracasso's medical records relating to her pre-existing condition, her "normal" gynecological condition and the alleged injuries.

Finally, plaintiffs' responses to defendants' interrogatories and document requests were due on November 26, 2007, but they have not yet been received and plaintiffs have neither sought nor obtained an extension of time to respond. On November 28, 2007, I contacted plaintiffs in writing requesting their overdue response, but nothing was received. Further because of the untimeliness of plaintiffs' responses, I request that the Court preclude plaintiffs from objecting to any of defendants' interrogatories and document requests. See Techsearch Servs, Inc. v. Gorman, 1999 U.S. Dist. LEXIS 518, *3 (S.D.N.Y. Jan. 21, 1999) (failure to respond on a timely basis to a discovery request may result in waiver of any objections which could have been seasonably asserted); Melendez v. Greiner, 2003 U.S. Dist. LEXIS 19084, *5-6 (S.D.N.Y. 2003).

Plaintiffs' Position:


Fed. R. Civ. P. 37(a)(2)(A) Certification

I have in good faith attempted to confer with plaintiffs' counsel in an effort to secure the foregoing disclosure without court action. As set forth above, I contacted plaintiffs' counsel in writing and by telephone on a number of occasions seeking the outstanding Initial Disclosures, 160.50 releases and medical authorizations but despite repeated promises they were never provided. Likewise, during a telephone conversation earlier today, plaintiff's counsel promised the interrogatory and document request responses by next Friday, but given the past history of unfulfilled promises, I feel compelled to file this motion.

On November 9, 2007 I emailed the initial draft of this motion for the insertion of plaintiffs' position, and this morning, I sent another copy via facsimile and asked plaintiffs' counsel to insert his position by 4:30 P.M. today, but this was not done.

Thank you for your consideration herein.

Respectfully submitted,

Barry Myrvold
*Attorney for Defendants*

cc:   Craig Lanza          By Fax (646) 304-1725
      *Attorney for Plaintiffs*