UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE FRACASSO and JONATHAN SPITZER,<br><br>        Plaintiffs,<br><br>- against -<br><br>THE CITY OF NEW YORK, et al.,<br><br>        Defendants. | 07-CV-4649 (AKH)<br><br>PLAINTIFFS' FIRST SET OF DOCUMENT DEMANDS |

## PLAINTIFFS' FIRST SET OF DOCUMENT DEMANDS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Rules 26.2 and 26.3 of this Court, Plaintiffs Michelle Fracasso ("Fracasso") and Jonathan Spitzer ("Spitzer") (collectively "Plaintiffs") hereby request that Defendant The City of New York, et. al. ("Defendants"), produce for Plaintiffs' inspection and copying the documents described below.

These document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendants shall, within thirty days, and in no event later than five days before trial, serve upon the undersigned such additional information and documents.

## INSTRUCTIONS

A. Whenever a request calls for information which is not available to you in the form requested, but is available in another form or can be obtained, at least in part, from other data in your possession, so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

B. Defendants shall produce all documents in their possession, custody or control, including documents in the possession of those purporting to act or to have acted on behalf of Defendants or those who may have obtained information for or on behalf of Defendants in regard to the subject matter of this case.

C. Each and every document request shall be construed independently. No request shall be construed by reference to any other request if the result is a limitation of the scope of the response to such a request.

D. If Defendants object to any request, or part thereof, Defendants must state with specificity all grounds for objecting and respond to the request to the extent that Defendants do not object.

E. Each document request shall be set forth separately and shall be accorded a separate response. Each response shall first set forth verbatim the document request to which it is responsive, followed by Defendants' response.

F. No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

G.  If Defendants are unable to answer any document request, the reasons for IAM's inability to answer shall be separately stated in detail for each document request.

H.  This Request is continuing in nature. Defendants must supplement its responses to this Request as and when additional responsive documents become known or available to Defendants prior to trial.

## REQUESTS FOR DOCUMENT PRODUCTION

1. All documents relating to Sgt. Tranor's involvement in the incident.

2. All documents relating to the ATLAS program and explaining ATLAS's involvement in the area.

3. All non-privileged documents detailing P.O. Edelman's disciplinary history.

4. All documents detailing P.O. Edelman's termination of employment with the New York Police Department ("N.Y.P.D.").

5. All documents concerning other police officers or N.Y.P.D. personnel with whom P.O. Edelman has worked while at the N.Y.P.D.

6. All documents involving P.O. Edelman's riding alone on the night of the incident.

7. All documents outlining the various calls for assistance which an officer may use and the significance of each call.

8. All documents concerning internal policies of the City of New York and of the N.Y.P.D. concerning behavioral, disciplinary, drug and/or alcohol, and other problems that may arise with an employee.

9. All documents involving the prosecution of Michelle Fracasso for disorderly conduct.

10. All Documents regarding P.O. Edelman's February 25, 2007. arrest.

11. All Documents regarding P.O. Edelman's abuse of prescription drugs.

12. All Documents involving P.O. Edelman's employment history prior to working with the N.Y.P.D.

13. All Documents regarding P.O. Edelman's application for employment with the N.Y.P.D.

14. All Documents regarding the N.Y.P.D.'s and the City of New York's compensation of first year N.Y.P.D. officers in 2006 and 2007.

Dated:   New York, New York
         January 14, 2008

                                          By:    /s/ Craig Stuart Lanza
                                                 Craig Stuart Lanza (CL-2452)
                                                 BALESTRIERE PLLC
                                                 225 Broadway
                                                 Suite 2700
                                                 New York, NY 10007
                                                 Telephone 212-374-5404