UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

MICHELLE FRACASSO and JONATHAN SPITZER,

                              Plaintiffs,

              -against-

THE CITY OF NEW YORK, P.O. EDELMAN-WINSTEAD, Tax No. 939814, individually and in his official capacity,

                              Defendants.

-------------------------------------------------------------- x

ANSWER TO AMENDED COMPLAINT

07 CV 4649 (AKH)

JURY TRIAL DEMANDED

Defendant, City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its answer to the Amended Complaint, dated December 12, 2007 ("Complaint"), respectfully states, upon information and belief, as follows[1]:

1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs have commenced an action as stated therein.

2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except

---

[1] An answer to an amended complaint was previously interposed on behalf of the individual defendant, Matthew Edelman-Winstead, but has not been filed because plaintiffs have not filed the amended complaint. Further, while the amended complaint that was served on the City is dated December 12, 2007, it appears to be otherwise identical to the amended complaint that was served on the individual defendant dated June 19, 2007.

admits that plaintiffs purport to base venue in this district as stated therein.

5. States that the allegations set forth in paragraph "5" of the Complaint purport to demand a trial by jury which does not require a response.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Admits the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City is a municipal corporation incorporated under the laws of the State of New York, and respectfully refers the Court and plaintiffs to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that on March 4, 2006, Edelman-Winstead was employed by the City as a police officer, and states that the allegations regarding defendants "acting under the supervision of said department and according to his official duties" are legal conclusions which do not require a response.

10. Denies the allegations set forth in paragraph "10" of the complaint, except states that the allegations regarding defendants "acting under the color of law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State or City of New York" are legal conclusions which do not require a response.

11. Denies the allegations set forth in paragraph "11" of the Complaint.

12. Denies the allegations set forth in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "13" of the Complaint, except admits that on March 4, 2006 after 1:00 A.M. plaintiffs were in Central Park.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that at about 1:15 A.M., Edelman-Winstead, was operating a marked police car, that he stopped on Central Park Drive adjacent to plaintiffs, and that he rolled down the passenger window and asked Spitzer to approach the car.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admits that Spitzer approached the car and Fracasso was standing on a path adjacent to the road.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, except admits that Edelman-Winstead was the sole officer in his car, and that Edelman-Winstead told Spitzer that Central Park closed at 1:00 A.M.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that Edelman told Spitzer that the dogs should be leashed, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Spitzer's response.

20. Denies the allegations set forth in paragraph "20" of the Complaint, except admits that Matthew-Edelman asked for Spitzer's identification, and denies knowledge or information sufficient to form a belief as to the truth of the allegations

regarding Spitzer's response.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that Fracasso was standing some distance from Edelman-Winstead and Spitzer, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Fracasso did, heard or felt.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except admits that Edelman-Winstead was a police officer and that he approached plaintiff.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint, except admits that Fracasso was placed under arrest.

27. Denies the allegations set forth in paragraph "27" of the Complaint, except admits that Fracasso was handcuffed and placed in the back set of the car.

28. Denies the allegation set forth in paragraph "28" of the Complaint, except denies knowledge or information sufficient to form a belief as to Spitzer's emotional condition.

29. Denies the allegations set forth in paragraph "29" of the Complaint, except admits that police officers arrived in vehicles, that Fracasso was detained while Edelman-Winstead conversed with an arriving officer, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' ages, residence and status.

30. Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, except admits that after Fracasso provided identification information, Edelman-Winstead gave her two summonses and respectfully refer to the summonses for a full and complete statement of their terms.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Fracasso's physical condition.

36. Denies the allegations set forth in paragraph "36" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' emotional and physical condition.

37. Denies the allegations set forth in paragraph "37" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' wedding location.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Fracasso believed, said or was told.

43. Denies the allegations set forth in paragraph "43" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' emotional and physical state, and move out of New York State.

44. In response to the allegations set forth in paragraph "44" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "43" of this answer as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations set forth in paragraph "50" and each of its subparts of the Complaint.

51. In response to the allegations set forth in paragraph "51" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "50" of this answer as if fully set forth herein.

52. Denies the allegations set forth in paragraph "52" of the Complaint, except admits that on or about June 2, 2006 a document purporting to be a notice of claim on behalf of Michelle Fracasso was received by the City's Comptroller's Office.

53. Denies the allegations set forth in paragraph "53" of the Complaint, except admits that more than thirty days have passed since the document purporting to be Fracasso's notice of claim was received and plaintiffs' claims have not been paid or adjusted.

54. Denies the allegations set forth in paragraph "54" of the Complaint, except admits that this action was filed on June 1, 2007.

55. Denies the allegations set forth in paragraph "55" of the Complaint, except refers all questions of law to the Honorable Court.

56. Denies the allegations set forth in paragraph "56" of the Complaint, except refers all questions of law to the Honorable Court.

57. In response to the allegations set forth in paragraph "57" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "56" of this answer as if fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. In response to the allegations set forth in paragraph "60" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "59" of this answer as if fully set forth herein.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. Denies the allegations set forth in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "63" of this answer as if fully set forth herein.

65. Denies the allegations set forth in paragraph "65" of the Complaint, except admits that Fracasso was not arrested pursuant to a warrant.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. In response to the allegations set forth in paragraph "68" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "67" of this answer as if fully set forth herein.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. In response to the allegations set forth in paragraph "73" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "72" of this answer as if fully set forth herein.

74. Denies the allegations set forth in paragraph "74" of the Complaint.

75. Denies the allegations set forth in paragraph "75" of the Complaint.

76. Denies the allegations set forth in paragraph "76" of the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint.

78. Denies the allegations set forth in paragraph "78" of the Complaint.

79. In response to the allegations set forth in paragraph "79" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "78" of this answer as if fully set forth herein.

80. Denies the allegations set forth in paragraph "80" of the Complaint.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. Denies the allegations set forth in paragraph "82" of the Complaint.

83. Denies the allegations set forth in paragraph "83" of the Complaint.

84. Denies the allegations set forth in paragraph "84" of the Complaint.

85. In response to the allegations set forth in paragraph "85" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "84" of this answer as if fully set forth herein.

86. Denies the allegations set forth in paragraph "86" of the Complaint, except admits that the City maintains a police department, and respectfully refers the Court and plaintiffs to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

87. Denies the allegations set forth in paragraph "87" of the Complaint.

88. Denies the allegations set forth in paragraph "88" of the Complaint.

89. Denies the allegations set forth in paragraph "89" and its subparts of the Complaint, except admits that plaintiffs purport to seek the relief as stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

90. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

91. Defendant has not violated any rights, privileges or immunities under the

Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

92. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

93. Plaintiffs provoked or were at fault for the incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

94. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

95. There was reasonable suspicion and/or probable cause to arrest and detain Fracasso.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

96. Punitive damages cannot be assessed as against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

97. At all times relevant to the acts alleged in the Complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

98. On information and belief, Spitzer's state law claims are barred by his failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

99. On information and belief, Spitzer's state law claims are barred by the applicable statutes of limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

100. Plaintiffs lack jurisdiction over the defendant by reason of improper service of process.

WHEREFORE, defendant City of new York demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         January 7, 2008

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendant*
CITY OF NEW YORK and MATTHEW
WINSTEAD-EDELMAN
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-9391
bmyrvold@law.nyc.gov

By: _____
    Barry Myrvold

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2008, the foregoing document was filed and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

<u>By U.S. Mail:</u>
Craig Lanza
Balestriere, PLLC
*Attorneys for Plaintiffs*
225 Broadway, Suite 2700
New York, New York 10007
(212) 374-5404


DATED:   New York, New York
         January 7, 2008

_____
Barry Myrvold